**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

WARREN D. WATSON,

    Plaintiff - Appellant,

v.

JOHN R. DEQUARDO, MD;
ELIZABETH CHENEY, MD,

    Defendants - Appellees.

No. 25-1271
(D.C. No. 1:25-CV-01268-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[**]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.

_____

Plaintiff Warren D. Watson, a Colorado state prisoner proceeding pro se, appeals the district court's dismissal of his complaint alleging claims under 42 U.S.C. § 1983 and various state laws. He also seeks to proceed *in forma pauperis* on appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our jurisdiction arises under 28 U.S.C. § 1291.  We agree with the district court, dismiss Plaintiff's appeal, and deny his motion to proceed *in forma pauperis* ("*ifp*").[1]

## I.

Plaintiff is incarcerated in the Arkansas Valley Correctional Facility in Ordway, Colorado—but his claims arose prior to his conviction when he was a pretrial detainee.  In his Amended Complaint, Plaintiff alleged that Defendants, two doctors at the Colorado Mental Health Institute at Pueblo ("CMHIP"), Dr. Elizabeth Cheney and Dr. John R. DeQuardo ("Defendants"), were deliberately indifferent to his medical needs in violation of his Fourteenth Amendment rights.  He also alleged Defendants engaged in medical malpractice when Jefferson County Jail transferred him to the CMHIP for a competency evaluation to determine if his prescribed medication could cause a disturbance of his mental capacities.

According to the Amended Complaint, a doctor at the Jefferson County Jail prescribed Plaintiff anti-psychotic medication, including Depakote, before the competency evaluation.  He claims Defendants failed to recognize during the evaluation that continued use of the medication could cause long-term and

---

[1] The district court certified that any appeal Plaintiff would file from its dismissal would not be in good faith.  Plaintiff appealed anyway and filed a motion to proceed *ifp*.  Even a party who the district court certifies as not appealing in good faith can request *ifp* status on appeal so long as he shows inability to pay, makes a reasoned, nonfrivolous argument with facts supporting the issue on appeal, and follows the procedure mandated by Federal Rules Civil Procedure 24(a)(5).  See Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).  But here, Plaintiff cannot meet this standard as he fails to present a reasoned, nonfrivolous argument with facts showing the issue on appeal.

irreversible physical and mental health problems, from which he now allegedly suffers.

Plaintiff alleged that Dr. Cheney evaluated him and did not inform him of the adverse effects of the drug Depakote or that "the drug was being used for psychotic reasons." As to Dr. DeQuardo, Plaintiff alleged that Dr. DeQuardo reported that the medications he was taking "were only antihypertensive and anti-bronchospasmotic and could not cause adverse effect, cognitive impairment or psychiatric system . . ." Additionally, he claims, Dr. DeQuardo's report and evaluation led Plaintiff and others to believe that "the drug Depakote was not a psychotic drug and would not cause any long-term side effects." Although Plaintiff acknowledged in his Amended Complaint that Defendants did not prescribe him any anti-psychotic medication, he claimed that Defendants' actions during the competency evaluation, specifically failing to recognize and inform him of Depakote's side effects, caused him to suffer long-term and irreversible physical and mental problems.

The district court screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(a) and concluded that Plaintiff's 42 U.S.C. § 1983 Fourteenth Amendment claim for deliberate indifference was legally frivolous. The district court explained that Plaintiff failed to allege that Defendants were "deliberately indifferent to his health or safety." The district court therefore dismissed Plaintiff's § 1983 Fourteenth Amendment claim and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The district court also denied

3

Plaintiff leave to proceed *in forma pauperis* and noted that an appeal from the dismissal "would not be taken in good faith."  Plaintiff appeals.

II.

Plaintiff challenges the district court's dismissal of his § 1983 Fourteenth Amendment claim as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  We ordinarily review a district court's dismissal of a claim as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion.  Milligan v. Archuleta, 659 F.3d 1294, 1296 (10th Cir. 2011) (citing Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006)).  A claim is frivolous when "it lacks an arguable basis either in law or in fact."  Fogle, 435 F.3d at 1259 (quoting Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995)).

However, the district court dismissed Plaintiff's claim because he did not "allege specific facts that demonstrate either Defendant was deliberately indifferent to his health or safety."  So, although the district court characterized its dismissal as one for frivolousness, the dismissal is more properly described as being for failure to state a claim upon which relief may be granted.  See Pittman v. Holcomb, 838 F. App'x 344, 347 (10th Cir. 2020) (unpublished) (affirming the district court's dismissal of a plaintiff's claims under § 1915(e)(2)(B) because Plaintiff failed to state a claim under subsection (e)(2)(B)(ii) although the district court originally dismissed the claim as frivolous under subsection (e)(2)(B)(i)).  Indeed, we reserve (e)(2)(B)(i)'s frivolousness provision for those claims "based on an indisputably meritless legal theory" or those describing "fantastic or delusional scenarios."  Pittman, 838 F. App'x at 347 (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)).  Here, the

4

Amended Complaint fails to state a claim, but "is not automatically frivolous within the meaning of § 1915(e)(2)(B)(i)." Id. (citing Neitzke, 490 U.S. at 331).

Because we construe the district court's dismissal of Plaintiff's claim as a dismissal for failure to state a claim, we review the dismissal de novo. Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002) (citing Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir.1999)). Because Plaintiff is pro se, we construe his complaint liberally. Id. (citing Cummings v. Evans, 161 F.3d 610, 613 (10th Cir.1998)). But we do not serve as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Burke v. Regalado, 935 F.3d 960, 991 (10th Cir. 2019) (quoting Farmer v. Brennan, 511 U.S. 825, 828 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Those same constitutional protections apply to pretrial detainees, such as Plaintiff, through the Fourteenth Amendment's Due Process Clause. Id. ("The constitutional protection against deliberate indifference to a pretrial detainee's serious medical condition springs from the Fourteenth Amendment's Due Process Clause."). "In evaluating such Fourteenth Amendment claims, 'we apply an analysis identical to that applied in Eighth Amendment cases.'" Id. (citing Lopez v. LeMaster, 172 F.3d 756, 759 n.2 (10th Cir. 1999)).

III.

To state a Fourteenth Amendment claim under 42 U.S.C. § 1983, Plaintiff had to allege acts or omissions sufficiently harmful to demonstrate deliberate indifference to his serious medical needs.  Estelle, 429 U.S. at 106.  Deliberate indifference involves both an objective and subjective component.  Strain v. Regalado, 977 F.3d 984, 989 (10th Cir. 2020) (citing Clark v. Colbert, 895 F.3d 1258, 1267 (10th Cir. 2018)).  The subjective component requires that a prison official "know[] of and disregard[] an excessive risk to inmate health or safety."  Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting Farmer, 511 U.S. at 837).  Allegations suggesting only medical negligence, without more, will not suffice.  See Self v. Crum, 439 F.3d 1227, 1235 (10th Cir. 2006).

The district court found that Plaintiff's § 1983 Fourteenth Amendment deliberate indifference claim was frivolous because Plaintiff failed to allege facts showing that either Defendant "knew [Plaintiff] faced a substantial risk of serious harm and failed to take reasonable measures to abate it."  We agree that Plaintiff failed to plead facts sufficient to establish deliberate indifference.  But such a failure constitutes failure to state a claim rather than frivolousness.

Plaintiff's claim relies on Defendants' alleged failure to warn him about Depakote's potential side effects.  But he never alleged that either Defendant knew Depakote could cause the side effects he now claims to suffer.  Nor does he allege that either Defendant prescribed him the medication.  Plaintiff only alleged that Defendants failed to warn him of Depakote's long term side effects.  However, a failure to inform

6

about potential side effects is insufficient to show deliberate indifference. Bryant v. Kaskie, 744 F. App'x 39, 42 (3d Cir. 2018) (unpublished) ("[Defendant's] alleged failure to inform [plaintiff] of the potential side effects of Risperidone is insufficient to demonstrate deliberate indifference."); Burgess v. Mar, 395 F. App'x 368 (9th Cir. 2010) (unpublished) (affirming dismissal because "failure to warn [plaintiff] of the potential side effects of pain medication constitute[s] negligence at most, and not deliberate indifference"). Without factual allegations showing that either Defendant knew Plaintiff faced a substantial risk of serious harm from the Depakote, Plaintiff cannot establish that either Defendant deliberately disregarded that risk. Phillips v. Wexford Health Sources, Inc., 522 F. App'x 364, 367 (7th Cir. 2013) (unpublished) ("Without an allegation that the risks of these side effects were significant, let alone that the defendants knew them to be significant, [plaintiff's] deliberate-indifference claim fails."). At most, Plaintiff alleges that Defendants were negligent, but simple negligence is not enough to amount to a constitutional violation. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). The district court therefore did not err when it dismissed Defendant's § 1983 Fourteenth Amendment deliberate indifference claim. We conclude that such dismissal was proper under 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the district court to dismiss claims for failure to state a claim upon which relief may be granted.

Plaintiff also challenges the district court's dismissal of his state law claims. Because Plaintiff failed to allege facts showing that either Defendant acted with deliberate indifference, we agree with  the district court's refusal to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims. "[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial." Foxfield Villa Assocs., LLC v. Robben, 967 F.3d 1082, 1103 (10th Cir. 2020) (quoting United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002)).

If we "dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes." Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999), overruled in part on other grounds, Coleman v. Tollefson, 575 U.S. 532 (2015). Plaintiff's appeal rehashes the allegations from his amended complaint and asserts, without explanation, that the district court failed to liberally construe his amended complaint. Most of his appellate arguments concern his state law negligence claim, including his argument that Colorado law imposed a duty on Defendants to warn him about the long-term side effects of his medications. But the district court never reached the merits of his negligence claim. The court declined to exercise supplemental jurisdiction over this claim after it dismissed Plaintiff's federal claim. Plaintiff never explains why that ruling was wrong. Thus, we conclude that Plaintiff's appeal is frivolous because it presents no arguable basis in law or fact in support of the issues on appeal. Thomas v. Muskogee Sheriff's Dep't, 160 F. App'x 714, 715 (10th Cir. 2005) (unpublished) ("[A]n appeal is frivolous if 'it lacks an arguable basis in either law or fact.'"); see also Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008) ("An appeal is frivolous when the result is obvious.").

8

We therefore assess two strikes against Plaintiff.  One strike for the district court's dismissal of his amended complaint[2] for failing to state a claim, and another strike for our dismissal of his appeal as frivolous.  Moreover, we deny Plaintiff leave to proceed *ifp* on appeal for failure to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  And finally, we remind Plaintiff of his obligation to pay the filing and docket fees in full.

APPEAL DISMISSED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[2] Pursuant to 28 U.S.C. § 1915(g), a prisoner earns a "strike" when a court dismisses his claim "as frivolous, as malicious, or *for failure to state a claim . . . .*" Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011) (emphasis added), overruled in part on other grounds, Coleman, 575 U.S. 532.